UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0016 (PJS/JJK) |
| Plaintiff, | |
| v. | ORDER |
| MIGUEL ANGEL ALCARAZ, | |
| Defendant. | |

Defendant Miguel Angel Alcaraz pleaded guilty to conspiracy to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On October 24, 2012, he was sentenced to a 120-month term of imprisonment. Alcaraz now moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits modification of a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Alcaraz claims that, following his sentencing, the United States Attorney's Office for the District of Minnesota implemented a "fast-track" program for defendants (such as him) who are likely to be deported after their release from prison. Had this fast-track program existed at the time of his sentencing, says Alcaraz, he would have been entitled to a 4-level reduction in his offense level pursuant to § 5K3.1 of the Sentencing Guidelines and therefore would have received a lower sentence.

The Court will note only a few of the myriad problems with Alcaraz's argument. First, Alcaraz is simply mistaken that the fast-track program was not available at the time of his sentencing; as he acknowledges in his own motion, the program went into effect on March 1, 2012 — that is, nearly 8 months *before* he was sentenced. ECF No. 31 at 1. Second, the fast-

track program to which Alcaraz claims an entitlement appears to be limited to illegal-reentry offenses.  *See United States v. Martinez-Gutierrez*, No. 09-CR-0049(11), 2013 WL 1435154, at *3 (D. Minn. Apr. 9, 2013); *United States v. Rascon-Olivas*, No. 10-CR-0230(21), 2012 WL 695838, at *1 n.1 (D. Minn. Feb. 28, 2012).  Alcaraz pleaded guilty to a drug offense, not an illegal-reentry offense.

Third (and most importantly), "[a] district court does not have the authority to grant a § 3582(c)(2) sentencing reduction if the relevant Guidelines amendment does not have the effect of lowering the defendant's applicable Guidelines range."  *United States v. Baylor*, 556 F.3d 672, 673 (8th Cir. 2009).  Alcaraz's sentencing range under the Guidelines at the time of his sentencing was 120-135 months, and the Court imposed a sentence at the bottom of that range.  Even if Alcaraz's *offense level* were reduced pursuant to § 5K3.1, his *sentencing range* would remain 120 months, because his offense carries a mandatory-minimum sentence of 120 months.  *See* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  Absent a reduction in Alcaraz's sentencing range, the Court lacks authority under § 3582(c)(2) to reduce Alcaraz's sentence.  Alcaraz's motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant Miguel Angel Alcaraz's motion to modify his sentence [ECF No. 31] is DENIED.

Dated: June 28, 2013                        s/Patrick J. Schiltz
                                                                       Patrick J. Schiltz
                                                                       United States District Judge